09-0953-cr
United States v. Nazario

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of March, two thousand and ten.

Present:      JOSEPH M. McLAUGHLIN,
                          *Circuit Judge*,
                  KIMBA M. WOOD,*
                          *District Judge*.**

_____

UNITED STATES OF AMERICA,

                                                    *Appellee*,

                  -v-                                                    (09-0953-cr)

FERDINAND NAZARIO, also known as PAULIE NAZARIO,

                                                    *Appellant*.

_____

Appearing for Appellant:      Erika McDaniel Edwards, Donaldson, Chilliest & McDaniel, LLP, New York, N.Y.

---

\* The Honorable Kimba M. Wood, United States District Court for the Southern District of New York, sitting by designation.

** The Honorable Rosemary S. Pooler, originally a member of the panel, did not participate in consideration of this appeal. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. Internal Operating Procedure E; *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

Appearing for Appellee: William J. Harrington, Assistant United States Attorney for the Southern District of New York (Karl Metzner, Assistant United States Attorney, *on the brief*).

Appeal from the United States District Court for the Southern District of New York (Batts, *Judge*.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Ferdinand Nazario appeals from a judgment of conviction for one count of possessing ammunition, which had been shipped and transported in interstate commerce, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, and after having had three previous convictions for a violent felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). We assume the parties' familiarity with the facts and procedural history of this case, and the issues presented on this appeal.

Nazario first claims that the district court erred in failing to suppress ammunition that was found in the course of a search of Nazario's residence. Nazario claims that the search violated the Fourth Amendment. We disagree. The parole officers who conducted the search did so after determining that Nazario had likely committed two parole violations: he was not in his home after his 9:00 p.m. curfew, and, when he did arrive home, he appeared to be under the influence of drugs. Moreover, the officers were aware of Nazario's prior criminal history, which included weapons-related conduct. Therefore, the search of Nazario's bedroom, to ensure that there were no further parole violations, was reasonably related to the parole officers' duties. *See United States v. Newton*, 369 F.3d 659, 666-67 (2d Cir. 2004); *see also Samson v. California*, 547 U.S. 843, 857 (2006) (concluding, with respect to a California parolee, that "the Fourth Amendment

does not prohibit a police officer from conducting a suspicionless search").[1]

Nazario next argues that the district court erred in failing to suppress Nazario's statement that another person had given him the bullets, which indicated that Nazario knowingly possessed the ammunition. Nazario argues that he made the statement during a custodial interrogation without having been informed of his rights. *See Miranda v. Arizona*, 384 U.S. 436 (1966). However, the district court properly admitted the statement pursuant to the public safety exception to *Miranda*. *See New York v. Quarles*, 467 U.S. 649, 657 (1984); *United States v. Estrada*, 430 F.3d 606, 610 (2d Cir. 2005). Only after finding the bullets did the officers question Nazario about the origins of the ammunition and whether there was an accompanying weapon. It was clearly reasonable at that point for the officers to conclude that Nazario might have other contraband in his room that would pose a risk to public safety. *See Estrada*, 430 F.3d at 613 (applying the public safety exception when "the arresting officers had an objectively reasonable need to protect themselves from immediate danger," and the questioning was not "subterfuge for collecting evidence").

Nazario also argues that he did not make the statement voluntarily. *See United States v. Anderson*, 929 F.2d 96, 99 (2d Cir. 1991) (explaining that a statement is not voluntary if it results from circumstances "that overbear the defendant's will at the time it is given"). On a review of all the facts and circumstances, *see Green v. Scully*, 850 F.2d 894, 901-02 (2d Cir. 1988), we find no merit to the contention that the officers put undue pressure on Nazario to answer their questions.

Nazario next claims that the district court abused its discretion by refusing to grant a new

---

[1] We need not decide, in this case, the effect of the Supreme Court's decision in *Samson v. California* on our prior cases assessing the reasonableness of a parolee search.

3

trial in light of witness notes belatedly produced by the government. Nazario argues, sometimes interchangeably, that the government's failure to produce the witness notes warranted a new trial under the Jencks Act, 18 U.S.C. § 3500(b), under *United States v. Brady*, 373 U.S. 83 (1963), or because the notes constituted newly discovered evidence demonstrating that a witness committed perjury. Because these notes do nothing to exculpate Nazario, and merely provide cumulative evidence that, at best, would have been useful in further impeaching the government's witnesses, we find that the evidence had no reasonable chance of changing the outcome, and thus did not warrant a new trial. *See United States v. Gonzalez*, 110 F.3d 936, 943 (2d Cir. 1997) ("[T]he failure to disclose [evidence in violation of the Jencks Act] may be disregarded if there is no reasonable probability that had the evidence been disclosed, the result would have been different."); *United States v. Payne*, 63 F.3d 1200, 1209 (2d Cir. 1995) ("The government's *Brady* obligation to disclose extends only to favorable evidence that is material," and "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." (internal quotation marks omitted)); *United States v. Diaz*, 176 F.3d 52, 106 (2d Cir. 1999) (stating that if new evidence demonstrates that a witness committed perjury, and the government was unaware of the perjury, "a new trial is warranted if the court is left with a firm belief that but for the perjured testimony, the defendant would most likely not have been convicted" (internal quotation marks omitted)).

Nazario also argues that the district court erred by constructively amending the indictment. "An indictment is constructively amended when the proof at trial broadens the basis of conviction beyond that charged in the indictment." *United States v. Patino*, 962 F.2d 263, 265 (2d Cir. 1992). Here, the indictment charged that Nazario "unlawfully, willingly, and knowingly, did possess . . . ammunition, to wit, twenty 9 mm bullets, all of which had previously been

4

shipped and transported in interstate and foreign commerce." The district court allowed the government to present evidence proving the interstate nexus element as to just four of the bullets, not as to all twenty bullets as alleged in the indictment. We conclude that there was no error by the district court because the indictment provided Nazario "notice of the 'core of criminality' to be proven at trial," *id.* at 266, and "[t]he essential element of the offense charged was that [the defendant] possessed ammunition that had traveled in interstate commerce, not the precise nature of that ammunition," *United States v. Danielson*, 199 F.3d 666, 670 (2d Cir. 1999) (per curiam).

Nazario next takes issue with the district court's admission of government witness Keith Prill as an expert. *See* Fed. R. Evid. 702. Prill testified that four of the bullets found in Nazario's apartment had been manufactured outside of New York. We have no trouble concluding that the district court acted well within its discretion in admitting Prill as an expert. *See United States v. Lumpkin*, 192 F.3d 280, 289 (2d Cir. 1999) ("A decision to admit expert testimony rests soundly with the discretion of the trial court and shall be sustained unless manifestly erroneous." (internal quotation marks omitted)). Prill testified that he had a college degree in Criminal Justice; he had been a police officer for a year and a half; he had worked for several years for the United States Bureau of Alcohol, Tobacco, Firearms and Explosives; he had completed a specialized course related to determining the origin of guns and ammunition; and he had examined thousands of bullets, dozens of which he examined for the express purpose of determining their place of manufacture. While Nazario's argument that Prill lacked experience as a courtroom expert is true, such argument goes to "the weight of the evidence . . . [which is] to be argued to the trier of fact, [and is] not a basis for reversal on appeal." *Campbell v. Metro. Prop. & Cas. Ins. Co.*, 239 F.3d 179, 186 (2d Cir. 2001).

5

Finally, Nazario argues that there was insufficient evidence to support the verdict. We disagree. Twenty bullets were found in Nazario's bedroom. Nazario admitted, on three separate occasions, that the bullets were his. Prill testified that at least four of those bullets had been manufactured outside of New York. Nazario does not contest that he had three or more prior felony convictions. Thus, there was ample evidence to support the charges. *See* 28 U.S.C. §§ 922(g)(1), 924(e). Any credibility issues associated with the government's witnesses were for the jury to evaluate, and the inconsistencies certainly did not compel the jury to disbelieve all of the officers' testimony. As such, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

We have considered Nazario's other arguments and find them without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk