09-1399-cr
United States v. Viserto

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of September, two thousand ten.

PRESENT: JON O. NEWMAN,
REENA RAGGI,
*Circuit Judges*,
JED S. RAKOFF,
*District Judge.*[*]

-----------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                  No. 09-1399-cr

ANTHONY VISERTO, a.k.a. Anthony Ricco,

*Defendant-Appellant*.

-----------------------------------------------------------

APPEARING FOR APPELLANT:     BRUCE R. BRYAN, Syracuse, New York; ANTHONY VISERTO, *pro se*, Stormville, New York.

APPEARING FOR APPELLEE:      GWENDOLYN CARROLL, Assistant United

---

[*] District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

States Attorney (Ransom P. Reynolds, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered April 3, 2009, is AFFIRMED.

Defendant Anthony Viserto pleaded guilty to possession of a firearm by a convicted felon, see 18 U.S.C. §§ 922(g)(1), 924(e), reserving his right to appeal the denial without a hearing of his motion to suppress the firearm seized by New York state parole officers while executing a parole warrant for Viserto's arrest at the home of his wife. We review the district court's factual findings on a motion to suppress for clear error and its conclusions of law de novo. See, e.g., United States v. Elmore, 482 F.3d 172, 178 (2d Cir. 2007). An evidentiary hearing on a motion to suppress "ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." In re Terrorist Bombings of U.S. Embassies in E. Africa, 552 F.3d 157, 165 (2d Cir. 2008) (internal quotation marks omitted). We review the district court's denial of a request for such a hearing for abuse of discretion. See United States v. Levy, 377 F.3d 259, 264 (2d Cir. 2004). In applying these standards, we assume the parties' familiarity with the facts and procedural history of this

2

case, which we reference only as necessary to explain our decision to affirm.

1.      The Motion To Suppress

The arguments Viserto advances, both through counsel and pro se, in support of his motion to suppress challenge the legality of (1) the officers' entry into his wife's home, and (2) their search of the jacket from which the charged firearm was seized. We address each challenge in turn.

a.      The Initial Entry

Viserto argues that parole officers could not enter his wife's residence based only on the parole warrant for his arrest but instead were required to obtain a search or arrest warrant issued by a judicial officer. The argument fails for several reasons.

In Samson v. California, 547 U.S. 843 (2006), the Supreme Court upheld the warrantless search of parolees consistent with consented-to conditions of parole. At the time of Viserto's 2006 parole from New York state prison (after serving thirty years for murder), he agreed in writing to searches of his person, residence, and property. In giving such consent, Viserto acknowledged that his "residence" meant wherever he slept each night.[1]

---

[1] Although Viserto argues that these conditions of parole impermissibly expanded the definition of residence and, therefore, the officers' authority to conduct warrantless searches, we are not persuaded. Constitutional rights may be waived provided the action is knowing and voluntary. See, e.g., Miranda v. Arizona, 384 U.S. 436 (1966); accord Schneckloth v. Bustamonte, 412 U.S. 218, 248 (1973) (holding that consent to search must be given voluntarily). The conditions of parole ensured Viserto's knowledge of the premises that would constitute his "residence" for purposes of the consent to search.

3

The record indicates that, at the time of the challenged entry, Viserto was not only sleeping at his wife's home but also that he had abandoned the Bronx site that was his residence at the time he violated parole and became a fugitive from supervision. Under these circumstances, even if Viserto has standing to challenge the entry of his wife's home, he cannot claim a legitimate expectation of privacy against a parole search in any premises he used as a residence, see id. at 852, particularly where the purpose of the entry was not "arbitrary, capricious, or harassing," id. at 856 (interpreting California law), but to execute an arrest warrant for a parole fugitive.

Indeed, this purpose makes it unnecessary for us to decide in this case whether Samson supplants our past precedent assessing the reasonableness of a parole search by reference to its relationship to parole duties. See United States v. Newton, 369 F.3d 659, 665 (2d Cir. 2005); United States v. Grimes, 225 F.3d 254, 259 n.4 (2d Cir. 2000); People v. Huntley, 43 N.Y.2d 175, 183, 401 N.Y.S.2d 31, 35 (1977). The arrest of a parole violator and fugitive was clearly and substantially related to the important parole duty to "protect[] the public from the commission of further crimes." People v. Huntley, 43 N.Y.2d at 181, 401 N.Y.S.2d at 34.

Nor need we decide the question left open in Steagald v. United States: "whether the subject of an arrest warrant can object to the absence of a search warrant when he is apprehended in another person's home." 451 U.S. 204, 219 (1981). Doubtful as it is that any arrestee could raise such an objection, see United States v. Snype, 441 F.3d 119, 133 (2d Cir.

4

2006), Samson clearly precludes Viserto from doing so because, under the conditions of his parole, he had consented to the search of any premises that he used as a residence.

Viserto's challenge to the officers' factual basis for believing that his wife's home was his residence merits little discussion in light of evidence that (1) a known informant advised officers on December 31, 2007, that Viserto had recently moved into his wife's home in Cicero, New York; (2) officers confirmed that the site identified by the informant was leased by Viserto's wife; (3) Viserto had officially resided with his wife – albeit at a different location – for seven months of the time he was on parole; and (4) Viserto had abandoned the Bronx apartment that was his last known residence before he became a fugitive from parole. The district court correctly concluded that these facts were sufficient to support a reasonable belief that, at the time of the January 2, 2008 entry, Viserto was again residing with his wife.

Accordingly, we identify no merit in Viserto's challenge to the entry of his wife's home.

b.      Search of the Jacket

Viserto contends that even if he has no basis for challenging the officers' entry into his wife's home, the search of the jacket resulting in seizure of a firearm was constitutionally unreasonable. We disagree. To the extent Viserto disclaimed ownership of the jacket before it was searched, he forfeited any claim to a legitimate expectation of privacy in the garment. See, e.g., United States v. Torres, 949 F.2d 606, 608 (2d Cir. 1991) ("It is well settled that an otherwise legitimate privacy interest may be lost by disclaiming or abandoning property,

5

especially when actions or statements disavow any expectation of privacy."). To the extent Viserto subsequently acknowledged ownership of the jacket, his consent to the search of his property, as a condition of parole, precludes him from arguing that the warrantless search violated any reasonable expectation of privacy. See Samson v. California, 547 U.S. at 852. Nor can Viserto claim that the search of a man's jacket was arbitrary or insufficiently related to the parole duties given that the officers had just arrested Viserto in his underwear and were attempting to identify clothes that he could put on to be taken outdoors. See id. at 856; People v. Huntley, 43 N.Y.2d at 183, 401 N.Y.S.2d at 35. Even outside the context of parole, we have recognized officers' duty to clothe arrestees when taking them into custody, and we have held that the seizure of contraband discovered in executing this duty does not violate the Fourth Amendment. See United States v. DiStefano, 555 F.2d 1094, 1101 (2d Cir. 1977); United States v. Titus, 445 F.2d 577, 579 (2d Cir. 1971); see also United States v. Ivezaj, 568 F.3d 88, 97-98 (2d Cir. 2009); see also United States v. Ricks, 817 F.2d 692, 696 (11th Cir. 1987) (holding that jacket not initially in defendant's grab area became legitimate object of search when agents would necessarily place it within that area by giving it to defendant to put on).[2]

---

[2] Viserto argues that "law enforcement may not create a need to search property by bringing a defendant in proximity" with it. Appellant's Br. at 38. But there is no reason to think that agents were engaged in any such conduct when, upon finding two jackets available for him to wear, they assumed that Viserto would wear the man's jacket rather than the woman's.

Accordingly, we identify no error in the district court's ruling that the search of the jacket did not warrant suppression of the seized gun.

2.      Evidentiary Hearing

In urging a different conclusion, Viserto faults the district court for denying his suppression motion without conducting a hearing.  We have reviewed the record, and we identify no material factual dispute requiring a hearing.  Insofar as Viserto asserts that "no one ever . . . ascertained if [the jacket from which the gun was seized] was [his]," such a conclusory assertion – first submitted to the district court after it denied the suppression motion – did not demand a hearing in light of sworn uncontradicted evidence that Viserto disclaimed ownership of the jacket before seizure of the gun and then acknowledged ownership thereafter.  Nor can Viserto rely on papers submitted to the district court only after his guilty plea to demonstrate abuse of discretion in the decision not to hold a hearing.

In sum, we identify no merit in Viserto's hearing challenge.

We have considered Viserto's other arguments on appeal and conclude that they are without merit.  Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7