**UNITED STATES of America, Appellee,**

v.

**Roger WATSON, Defendant–Appellant,**

**Delroy Reid, Defendant.**

**Docket No. 03–1709.**

United States Court of Appeals, Second Circuit.

Argued: Jan. 13, 2005.

Decided: April 12, 2005.

Jacob W. Buchdahl, Assistant United States Attorney (Margery B. Feinzig, Assistant United States Attorneys, of counsel; David N. Kelley, United States Attorney for the Southern District of New York), United States Attorney's Office for the Southern District of New York, New York, N.Y. for Appellee.

Jeremy Gutman (Ilissa Brownstein, of counsel), New York, NY, for Defendant–Appellant.

Before: KEARSE and CABRANES, Circuit Judges, and KORMAN, District Judge.*

JOSÉ A. CABRANES, Circuit Judge.

Defendant Roger Watson appeals from a judgment in a criminal case, entered on October 21, 2003, in the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

Defendant argues that the District Court erred by denying, without a hearing, his motion to suppress the fruits of an allegedly illegal search of a residence. We affirm the denial of the suppression motion because we hold (1) that defendant failed to demonstrate that he had a legitimate expectation of privacy in the residence searched; and (2) that the District Court did not err by reaching this conclusion without an evidentiary hearing. Defendant also argues that, in light of the Supreme Court's decision in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), his sentence is constitutionally infirm. We remand this case for consideration of whether resentencing should occur, in accordance with our decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).

Defendant was convicted of one count of conspiring to traffic in marijuana, in violation of 21 U.S.C. § 846; one count of distributing and possessing with intent to distribute marijuana, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(D); one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); two counts of possessing a firearm with an altered serial number, in violation of 18 U.S.C. § 922(k); and two counts of possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5)(A). The District Court sentenced defendant principally to a term of 130 months' imprisonment.

Prior to trial, defendant moved in the District Court to suppress physical evidence seized pursuant to an allegedly illegal search of the premises located at 33–18 Fish Avenue in Bronx, New York. An affirmation, dated April 11, 2003, was filed by defendant's counsel in support of defen-

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

dant's motion.[1] It stated, in relevant part:

15. On November 25, 2002 a search warrant ... was executed at the premises at 33–18 Fish Avenue, Basement Apartment, Bronx, New York and tangible proerty [sic] was seized. Annexed hereto and marked collectively as defense exhibit B is this search warrant, supporting affidavit and inventory. It appears from the return that no one was in the premises at the time the warrant was executed and no [one] was initially charged on November 25, 2002 with respect to the items recovered in the search.

16. The search warrant by it's [sic] terms indicates that the premises which was [sic] the subject of the search was [sic] being utilized by an individual identified as "J.D. Scullarchi" among others. The search warrant authorized the search of "the basement apartment of 33–18 Fish Avenue in the County of Bronx" and of seven specified persons including "J.D. Scullarchi."

17. The initial indictment filed by the government on which defendant was arraigned on 2/6/03 identified the defendant as "Roger Watson" and contained four counts, all alleging conduct in [sic] December 13, 2002.

18. The government filed and defendant was arraigned on a superceding indictment on 2/26/03. In addition to the allegations of criminal conduct on 12/13/02, the superceding indictment alleges two weapons counts against defendant Watson committed on 11/25/02. In this new indictment the government has identified Roger Watson by the a/k/a "Skilarchie."

19. The government in it's [sic] consent discovery has provided the defense with a document entitled "Personal History of Defendant" (exhibit C) as to Roger Watson, Form USM–312. The document identifies 3318[sic] Fish Avenue, Bronx, New York as having been a residence of Roger Watson. The Government has also provided the defense with 11 pages of documents recovered from 33–18 Fish Avenue.

20. Your affirmant believes that the government intends to offer at trial in support of counts 6 and 7 of the indictment the tangible property recovered from the November 25, 2002 warrant search including weapons, drugs and documents.

21. Roger Watson would have an expectation of privacy and, as such, standing to contest a search pursuant to a search warrant which authorized the search of his person as well as a residence or former residence.

22. For the reasons set forth in the annexed Memorandum of Law defendant moves to suppress the evidence seized in this search upon the grounds that the underlying search was conducted without probable cause and was pursuant to a warrant not obtained or issued in good faith and therefore not protected by the good faith exception to the exclusionary rule.

23. Further, the search and seizure actually conducted by law enforcement officials was greater in scope than that authorized by the warrant....

On June 5, 2003, the District Court resolved, *inter alia*, defendant's motion to suppress. *United States v. Watson*, No. 03–cr–136 (S.D.N.Y. June 5, 2003). The Court denied the motion without a hearing,

---

**1.** An affidavit by defendant was also filed, but its substance is not relevant to the subject matter of this appeal.

holding that defendant failed to prove that he had standing to challenge the search of 33–18 Fish Avenue on November 25, 2000. *Id.,* slip op. at 2–4. Defendant now appeals this decision.

We review "[t]he factual findings on which the district court's suppression ruling was based ... for clear error, viewing the evidence in the light most favorable to the government; the legal conclusions on which this ruling was based are reviewed *de novo.*" *United States v. Lewis,* 386 F.3d 475, 480 (2d Cir.2004), *cert. denied* — U.S. —, 125 S.Ct. 1355, 161 L.Ed.2d 148 (2005).

The Supreme Court has held that "capacity to claim the protection of the Fourth Amendment depends ... upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." *Rakas v. Illinois,* 439 U.S. 128, 143, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). The defendant "bears the burden of proving ... that he had a legitimate expectation of privacy," *Rawlings v. Kentucky,* 448 U.S. 98, 104, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980), which he may do "by showing that he owned the premises or that he occupied them and had dominion and control over them by leave of the owner," *United States v. Villegas,* 899 F.2d 1324, 1333 (2d Cir.1990).

In this case, the District Court held that defendant failed to meet this burden for two reasons. First, the affirmations by defendant's counsel were made without any claim of personal knowledge and therefore were insufficient to raise any material facts requiring a hearing. Second, even if the factual affirmations by defendant's counsel were credited, they fail to establish that defendant's legitimate expectations of privacy were violated by the search of 33–18 Fish Avenue. Because we agree with the District Court's second

ground for denying defendant's motion, we need not resolve the first.

Factual claims made in the affirmation by defendant's counsel were, separately or in combination, insufficient to challenge the search. That the search warrant listed a person who may be defendant among those who "utilized" 33–18 Fish Avenue, Def.'s Affirmation at para. 16, does not come close to showing that defendant "owned the premises or that he occupied them and had dominion and control over them by leave of the owner," *Villegas,* 899 F.2d at 1333. Likewise, defendant does not show that he had a legitimate expectation of privacy in the searched residence by averring that the address of the residence was listed in the "Former Addresses" section of his United States Marshals Service booking form. *See* Def.'s Affirmation at para. 19; Appellant's App. at 83. Defendant's motion papers did not identify the source of the information on the form, nor does the form state the time period when defendant allegedly resided at 33–18 Fish Avenue. Indeed, at the trial, defendant offered testimony to the effect that he did not reside at the subject premises at the time the warrant was executed. Finally, defendant could not challenge the search of a residence merely because he anticipated that the Government will link the objects recovered in that search to defendant at trial. *See United States v. Singleton,* 987 F.2d 1444, 1449 (9th Cir. 1993) (holding that a district court may not grant a defendant standing to pursue a suppression motion "relying solely on the government's theory of the case," because to do so would amount to "an evisceration of the defendant's burden of proof as established by the Supreme Court"). We therefore affirm the District Court's conclusion that defendant did not submit evidence that, if credited, would have shown that he had the "legitimate expectation of

privacy" required to challenge the search of 33–18 Fish Avenue.

Nor was it necessary for the District Court to hold an evidentiary hearing. We have previously held that "an evidentiary hearing on a motion to suppress ordinarily is required if 'the moving papers are sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question.'" *United States v. Pena*, 961 F.2d 333, 339 (2d Cir.1992) (quoting *United States v. Licavoli*, 604 F.2d 613, 621 (9th Cir.1979) (internal alterations omitted)). In this case, defendant failed to show that he could challenge the search under the Fourth Amendment, even assuming we credited the facts asserted in his counsel's affirmation.

Since we hold that defendant failed to prove that he had the "legitimate expectation of privacy" to challenge the search of 33–18 Fish Avenue, we need not reach the substance of his suppression motion or whether, if the warrant was not valid, the "good faith" exception to the exclusionary rule applies here. *See* Wayne R. LaFave, *Search & Seizure* § 1.3(f), at 87–88 (3d ed.1999).

With respect to defendant's *Blakely* argument, we are mindful that, shortly before oral argument in this case, the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), rendered the United States Sentencing Guidelines advisory and non-binding. Defendant has informed this Court that he seeks a remand in light of the *Booker* decision and this Court's decision in *Crosby*. Accordingly, this case is remanded so that the District Court may consider whether to resentence defendant, in conformity with the currently applicable statutory requirements explicated in the *Crosby* opinion. Any appeal taken from the District Court following this remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).

The judgment of conviction entered by the District Court is therefore affirmed and the case is remanded for consideration of resentencing.