**UNITED STATES of America,**
Appellee,

v.

**Carl MOTTLEY, Defendant–Appellant.**

**No. 04–4539–CR.**

United States Court of Appeals,
Second Circuit.

May 11, 2005.

---

---

Brian J. Neary, New York, NY, for Defendant–Appellant.

David B. Massey, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Adam B. Siegel, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: SOTOMAYOR, B.D. PARKER, WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Carl Mottley ("Mottley" or "appellant") appeals from a judgment of conviction under 18 U.S.C. § 922(g)(1) entered in the United States District Court for the Southern District of New York on August 17, 2004. We assume the parties' familiarity with the facts and procedural history of the case.

Mottley argues that the district court erred in denying his request for an evidentiary hearing in connection with his motion to suppress certain evidence. The district court denied Mottley's request for a hearing "because the only admissible evidence proffered by [Mottley], his affidavit, [did] not demonstrate the existence of disputed material facts" regarding the legality of the search.

We review a district court's denial of a defendant's request for a suppression hearing for abuse of discretion. *See United States v. Pena,* 961 F.2d 333, 339 (2d Cir.1992); *cf. United States v. Levy,* 377 F.3d 259, 264 (2d Cir.2004) ("We review the District Court's denial of a request for an evidentiary hearing for abuse of discretion."). A suppression hearing is ordinarily required if " 'the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question.' " *United States v. Watson,* 404 F.3d 163, 167 (2d Cir.2005) (quoting *Pena,* 961 F.2d at 339).

On appeal, Mottley argues that there were "three critical, disputed material facts," namely: (1) whether Mottley asked an officer to accompany him to the car and to look at the betting slips; (2) whether the butt of a gun was visible from outside of the car; and (3) whether Mottley had acknowledged that he was a "bookmaker" and that there were "betting slips" in his vehicle.

With regard to the first contention, it is immaterial whether Mottley asked an officer to accompany him to the car to view the betting slips, because the district court

did not rely on this allegedly disputed fact in rejecting the request for a hearing.

The second issue—the visibility of the gun—is material, but not sufficiently disputed. As the district court observed, Mottley's affidavit did not affirmatively deny the allegation contained in the criminal complaint that the gun was visible to the officer standing outside of the car. Rather, Mottley's affidavit only claimed that "to [his] knowledge," there was "no butt of a gun 'hanging in a pouch attached to the back of the front passenger seat.'" The district court did not abuse its discretion in holding that Mottley's qualified denial did not suffice to raise an issue of fact. The statements offered on the matter by Mottley's attorney in the reply brief before the district court likewise did not create an issue of fact. *See United States v. Gillette,* 383 F.2d 843, 848–49 (2d Cir.1967) (holding that statement submitted by attorney did not raise a factual issue where it did not allege personal knowledge on the part of the attorney); *see also Lipton v. Nature Co.,* 71 F.3d 464, 469 (2d Cir.1995) ("[M]ere conclusory allegations or denials in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist." (citation and internal quotation marks omitted)).

With regard to the third issue, we also agree with the district court that Mottley's affidavit failed to raise an issue of fact. The affidavit did not deny the criminal complaint's allegation that Mottley had ac-knowledged that he was a bookmaker and was carrying betting slips in the car; nor did the affidavit deny that the betting slips were in plain view. Moreover, as noted above, statements on the matter submitted by Mottley's attorney in his papers before the district court cannot by themselves create a factual issue. *See Gillette,* 383 F.2d at 848–49; *see also Lipton,* 71 F.3d at 469.[1]

Mottley also seeks resentencing based on *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because Mottley has preserved this sentencing objection, we do not apply the procedure established in *United States v. Crosby,* 397 F.3d 103, 118 (2d Cir.2005). Rather, in accordance with *United States v. Fagans,* 406 F.3d 138, 139 (2d Cir.2005), we remand to the district court with instructions to vacate the sentence and resentence in accordance with *Booker.*

We have considered appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED IN PART and the case is REMANDED to the district court with instructions to vacate the sentence and resentence in accordance with *Booker* and *Fagans.*

---

1. Mottley's brief makes much of the government's earlier acknowledgment before the district court that the criminal complaint had contained a factual error. The error in question had no effect on the district court's holding, however, and therefore is irrelevant.