**UNITED STATES of America,**
**Appellee,**

v.

**Bryant YARBROUGH, Defendant–**
**Appellant.**

**No. 05–4663–cr.**

United States Court of Appeals,
Second Circuit.

May 3, 2006.

Timothy E. Austin (Molly Corbett, on the brief), Albany, NY, for Defendant–Appellant.

Brenda K. Sannes, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney, Northern District of New York, Carlos A. Moreno, Assistant United States Attorney, on the brief), for Appellee, of counsel.

PRESENT: Hon. DENNIS JACOBS, Hon. PIERRE N. LEVAL, Circuit Judges, and Hon. JED S. RAKOFF,* District Judge.

## SUMMARY ORDER

Plaintiff appeals from a judgment entered August 22, 2005 by the United States District Court for the Northern District of New York (Kahn, *J.*), challenging the district court's (1) denial of defendant's motion to suppress, (2) refusal to hold a suppression hearing, and (3) denial of defendant's motion to reconsider. We assume familiarity with the facts, the procedural history, and the issues on appeal.

1. Where a defendant appeals from the denial of his motion to suppress, the district court's conclusions of law are reviewed *de novo. United States v. Watson,* 404 F.3d 163, 166 (2d Cir.2005). Yarbrough's suppression motion was rightly denied because, as the district court held on reconsideration, the roadblock established by police officers was reasonable. *United States v. Yarbrough,* No. 04 Cr. 476, at *12 (N.D.N.Y. Feb. 24, 2005) (unpublished decision and order). Reports of an armed individual who had threatened another resident of the apartment complex presented a grave threat to the public that justified the limited and targeted response of the officers, who decided to block entry to and egress from the road leading to the complex in order to apprehend the sus-

* The Honorable Jed S. Rakoff, United States District Court of Appeals for the Southern District of New York, sitting by designation.

pect. *See Brown v. Texas,* 443 U.S. 47, 50–51, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979); *Maxwell v. City of New York,* 102 F.3d 664, 667 (2d Cir.1996). Accordingly, the question of whether the officers had reasonable individualized suspicion to stop Yarbrough's car need not be reached.

A suppression hearing is only required if, *inter alia,* the moving papers allege facts that would undermine the legitimacy of the police stop. *Watson,* 404 F.3d at 167. Because Yarbrough did not allege any facts that would challenge the validity of the officers' roadblock, the district court did not abuse its discretion in refusing to conduct a suppression hearing.

2. Denial of a motion to reconsider is reviewed for abuse of discretion. *United States v. Bayless,* 201 F.3d 116, 131 (2d Cir.2000). On appeal, Yarbrough argues that new evidence justified reconsideration. However, the district court did not abuse its discretion in declining to treat the police dispatch tape evidence as "new;" that evidence surfaced over a month before the district court ruled on Yarbrough's suppression motion.

For the foregoing reasons, the judgment of the district court is affirmed.