**UNITED STATES of America, Appellee,**

v.

**Solomon BILLUPS, Defendant–Appellant.**

**No. 05–4781–cr.**

United States Court of Appeals, Second Circuit.

May 16, 2006.

Molly Corbett (Alexander Bunin, Federal Public Defender for the Northern District of New York and Vermont, Paul Evangelista, Assistant Federal Public Defender, on the brief), Albany, NY, for Appellant.

Michael C. Olmsted, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief, Robert A. Sharpe, Assistant United States Attorney, of counsel), Syracuse, NY, for Appellee.

Present: Hon. WILFRED FEINBERG, Hon. SONIA SOTOMAYOR, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 16th day of May, Two thousand and six.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-appellant Solomon Billups appeals from a judgment of conviction and sentence entered on August 26, 2005 in the United States District Court for the Northern District of New York (Hurd, J.). Billups pled guilty to possession of a fire-

arm after having pled guilty to a felony in violation of 18 U.S.C. § 922(g)(1) and possession of cocaine base (crack cocaine) with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). In his plea agreement, Billups reserved the right to challenge on appeal the district court's denial of his motion to suppress certain physical evidence. We assume the parties' familiarity with the facts in this case, the relevant procedural history, and the issues on appeal.

## I. The District Court's Denial of Billups' Motion to Suppress

■ Billups challenges the district court's denial of his motion to suppress evidence obtained in the search of his apartment. Billups argues that the search warrant and application did not contain facts sufficient to establish probable cause. We disagree.

"We review the factual findings on which the district court's suppression ruling was based ... for clear error, viewing the evidence in the light most favorable to the government; the legal conclusions on which this ruling was based are reviewed *de novo.*" *United States v. Watson,* 404 F.3d 163, 166 (2d Cir.2005) (internal quotations omitted). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for ... conclud[ing] that probable cause existed." *United States v. Smith,* 9 F.3d 1007, 1012 (2d Cir.1993) (internal quotations omitted). The reliability of an informant's information is evaluated under a totality of the circumstances test. *See Illinois v. Gates,* 462 U.S. 213, 230, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). We stated in *United States v. Wagner,* 989 F.2d 69 (2d Cir. 1993), that "[e]ven where an informant has no proven record, if an informant's declaration is corroborated in material respects, the entire account may be credited, including parts without corroboration." *Id.* at 73.

Here, the warrant application was based on information from confidential informants that was adequately corroborated.[1] The first confidential informant ("CI# 1") reported that two individuals named Solomon and Teandra were selling crack cocaine at the apartment in question, and that the CI had seen a "black colored handgun" at the apartment. Based on CI# 1's information, Detective Gavigan monitored the address and observed what he believed to be crack deals taking place there. Specifically, he saw individuals exiting the apartment with crack cocaine, which they would place in their mouths to avoid detection. Detective Gavigan also met with a second confidential informant ("CI# 2"), an individual who was known to the police and who provided a statement based on his own personal observations of Billups, his girlfriend, and the apartment in question. CI# 2 described in detail a handgun he had seen in Billups' possession at the apartment on at least two occasions. CI# 2's statement was based on his own personal observations of this activity, and made it clear that he had been acquainted with Billups for some time and that he had been to the apartment on several occasions.[2] Because the detailed statement of CI# 2 and the observations of Detective Gavigan amply corroborated the informa-

---

1. Attached to the warrant application were the "Information Registration Form" (commonly known as a "tip sheet") reporting the first informant's phone conversation with Detective Vincent and the second informant's subsequent sworn statement.

2. The fact that the warrant application did not make clear whether the identity of CI # 1 was known to the police does not alter our analysis, because CI# 1's information was otherwise corroborated in material respects.

tion provided by CI# 1, the magistrate had a substantial basis for concluding that probable cause existed.[3]

## II. The District Court's Decision Not to Hold an Evidentiary Hearing

 Billups also argues that the district court's decision not to hold an evidentiary hearing on the suppression motion was error. This decision is reviewed under an abuse of discretion standard. *United States v. Pena,* 961 F.2d 333, 339 (2d Cir. 1992). An evidentiary hearing is only required where "contested issues of fact going to the validity of the search are in question." *Watson,* 404 F.3d at 167 (internal quotations omitted). In this case, Billups acknowledged that his position was that the warrant application was not sufficient *as a matter of law.* Because there were no contested issues of fact going to the validity of the search, it was not an abuse of discretion not to hold a hearing.

 Nor was a hearing required under *Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) (requiring a hearing where the defendant "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit and ... the allegedly false statement is necessary to the finding of probable cause."). Billups argues that a *Franks* hearing was required because the "tip sheet" attached to the warrant application indicated that CI# 1 was not "[k]nown to [the] call taker," when in fact CI# 1 was known to the police. Even if true, this information would have en-

hanced, rather than diminished, probable cause, and so any false statement was not necessary to the finding of probable cause.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

**3.** Because we find that the magistrate judge had a substantial basis to conclude that probable cause for a search warrant existed, we need not reach the issue of whether the "good faith exception" to the exclusionary rule, *see United States v. Leon,* 468 U.S. 897, 104 S.Ct.

3405, 82 L.Ed.2d 677 (1984), applied in this case.

