SUMMARY ORDER
Petitioner Richard Rivera pleaded guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). He was sentenced to a term of 121 months imprisonment followed by a five-year term of supervised release. On appeal appellant asserts that the district court erred in denying his motion to suppress evidence first, in finding that the police had reasonable suspicion to detain him, and second, in failing to hold an evidentiary hearing. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of issues for review.
On review of a motion to suppress, we review de novo findings of law and “mixed questions of law and fact, such as whether the Fourth Amendment was violated and whether there was reasonable suspicion to justify a Terry stop.” United States v. Lucky, 569 F.3d 101, 105-06 (2d Cir.2009). We review the district court’s decision not to hold an evidentiary hearing for abuse of discretion. See United States v. Pena, 961 F.2d 333, 339 (2d Cir.1992).
The police may briefly stop someone if they have a reasonable and articulable suspicion that an individual is involved in criminal activity. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Although we have found that reasonable suspicion is “not a high threshold,” United States v. Lawes, 292 F.3d 123, 127 (2d Cir.2002), it still requires an “objective justification” for making a stop. INS v. Delgado, 466 U.S. 210, 217, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984). An “inchoate and unparticularized suspicion or ‘hunch’” is not sufficient. Alabama v. White, 496 U.S. 325, 329, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990) (quoting Terry, 392 U.S. at 27, 88 S.Ct. 1868). We must “look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing.” United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (citations omitted).
Reasonable suspicion can be based solely on an informant’s tip if there is a sufficient “indicia of reliability.” United States v. Elmore, 482 F.3d 172, 179 (2d Cir.2007) (quoting Adams v. Williams, 407 U.S. 143, *537 147, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972)). We use a “totality of circumstances” test, Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), to decide if an informant’s tip establishes reasonable suspicion, considering both the “basis of knowledge” and “veracity” of the informant. White, 496 U.S. at 329-30, 110 S.Ct. 2412. Finally, a tip which is insufficiently reliable on its own, may still provide the basis for reasonable suspicion if it is sufficiently corroborated through independent police investigation. Elmore, 482 F.3d at 179; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). A higher degree of corroboration is required when the informant is anonymous than when the informant is known. Elmore, 482 F.3d at 180.
Here, the parties agree to the facts. A confidential source (“CS”) predicted the specific time and location of a drug deal, accurately described the drug supplier, James Scott, as a “clean cut” white man, and stated that Scott would be a “passenger inside of a wagon.” The CS further stated that Scott was a convicted felon with an open warrant, which police verified. The CS provided no information specifically about appellant. On the day of the arrest, surveillance units observed a man matching Scott’s description standing outside a station wagon talking to an individual in the driver’s seat, who turned out to be appellant. There were only “a few” other cars in the parking lot.
Two facts support finding reasonable suspicion as to appellant. First, the officers viewed Scott talk on the phone in appellant’s presence at the same time as the CS had agreed to call Scott. From this, a rational inference may be drawn that Scott was speaking with the CS in appellant’s presence. See United States v. Delossantos, 536 F.3d 155, 161 (2d Cir.2008) (crediting officers’ testimony that “a drug dealer rarely brings along an uninvolved bystander during drug deals or speaks about the details of transactions in the presence of a bystander, even in code.”); United States v. Martinez-Molina, 64 F.3d 719, 729 (1st Cir.1995) (“We do not think officers in the field are required to divorce themselves from reality or to ignore the fact that ‘criminals rarely welcome innocent persons as witnesses to serious crimes and rarely seek to perpetrate felonies before larger-than-necessary audiences.’ ”) (quoting United States v. Ortiz, 966 F.2d 707, 712 (1st Cir.1992)). Second, police reasonably inferred that Scott had recently arrived in the wagon as a passenger, and that appellant, therefore, was involved in the drug transaction. These inferences provided sufficient justification to meet the low threshold of reasonable suspicion.
We are sympathetic to appellant’s argument that an evidentiary hearing would have helped resolve gaps and questions in the facts, which the district court glossed over. However, as the parties agreed to all the facts, we can not find that the district court abused its discretion in failing to hold a hearing. See United States v. Watson, 404 F.3d 163, 167 (2d Cir.2005) (“an evidentiary hearing ... ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question.”) (citations omitted); Grant v. United States, 282 F.2d 165, 170 (2d Cir.1960) (“[Ejvidentiary hearings should not be set as a matter of course, but only when the petition alleges facts which if proved would require the grant of relief.”).
Accordingly, the judgment of the district court hereby is AFFIRMED.