United States v. McMullen

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand sixteen.

PRESENT:  PIERRE N. LEVAL,
          RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*,
          JOHN G. KOELTL,
                  *District Judge*.*

-----------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                  *Appellee*,

                  v.                                    No. 15-1034-cr

ANTWON MCMULLEN,
                  *Defendant-Appellant.*

-----------------------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:  DANIEL M. PEREZ, ESQ., Law Offices of Daniel M. Perez, Newton, NJ.

---

\* The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:                                    PAUL D. SILVER (Geoffrey J.L. Brown, *on the brief*), Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Antwon McMullen appeals from a judgment of conviction in the United States District Court for the Northern District of New York (Suddaby, C.J.). McMullen challenges the District Court's denial, without an evidentiary hearing, of his motion to suppress physical evidence (principally cocaine base and a firearm) seized from 177 Kuhl Avenue in Syracuse, New York. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

McMullen contends that the search of 177 Kuhl Avenue was unlawful because police used evidence obtained during an initial warrantless protective sweep as a factor in their decision to procure a search warrant for the premises.

He argues that the law enforcement officers who conducted the sweep must either have observed the firearm and cocaine base in plain view or discovered those items through an unlawful search of the residence. We are not persuaded. In connection with his motion, McMullen failed to allege that these items were in plain view, or that the police referenced them in the search warrant application. Nor does the record reveal that the police conducted a search prior to the execution of the search warrant. McMullen admitted that he "could not see what [the officers] were doing from where [he] was seated" during the officers' initial entry into 177 Kuhl Avenue. Def's. App'x at 42; see Murray v. United States, 487 U.S. 533, 542 (1988) (suppression of seized evidence is required if law enforcement's "decision to seek the warrant was prompted by what they had seen during the initial [warrantless] entry"); United States v. Johnson, 994 F.2d 980, 986-87 (2d Cir. 1993). The District Court correctly denied McMullen's motion to suppress under the independent source exception. See Murray, 487 U.S. at 542.

McMullen also argues that the District Court erred in declining to hold an evidentiary hearing. But an evidentiary hearing on a motion to suppress is required only if "the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact

3

going to the validity of the search are in question." United States v. Watson, 404 F.3d 163, 167 (2d Cir. 2005) (quotation marks omitted). McMullen's declaration included no nonconjectural allegations in support of his argument for suppression. The District Court therefore acted within its discretion when it denied McMullen a hearing. United States v. Getto, 729 F.3d 221, 226 n.6 (2d Cir. 2013).

We have considered all of McMullen's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court