16-2492
*United States v. Robert Smith*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand seventeen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                            No. 16-2492

ROBERT SMITH,

> *Defendant-Appellant*.

---

For Defendant-Appellant:                    ALLEGRA GLASHAUSSER, Barry D.
                                            Leiwant, Federal Defenders of New
                                            York, Inc., Appeals Bureau, New York,
                                            NY.

1

For Appellee:                                      DAVID GOPSTEIN (Jo Ann M. Navickas,
                                                   *on the brief*), *for* Bridget M. Rohde,
                                                   Acting United States Attorney for the
                                                   Eastern District of New York, Brooklyn,
                                                   NY.


Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Robert Smith appeals from the judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*), entered on July 14, 2016, sentencing him principally to twenty-one months' imprisonment for the offense of possession with intent to distribute cocaine base. Smith was convicted of this offense following a jury trial, where he was also acquitted of the charges of unlawful use of a firearm and of being a felon in possession of a firearm. We assume the parties' familiarity with the facts and procedural history of this case, as well as the issues on appeal.

First, Smith argues that the district court erred in not holding an evidentiary hearing on his pretrial motion to suppress evidence. In the context of a motion to suppress evidence, we review a district court's "decision not to hold an evidentiary hearing for abuse of discretion." *United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001). An "evidentiary hearing on a motion to suppress ordinarily is required if 'the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question.'" *United States v. Pena*, 961 F.2d 333, 339 (2d Cir.

2

1992) (quoting *United States v. Licavoli*, 604 F.2d 613, 621 (9th Cir. 1979)); *see also United States v. Watson*, 404 F.3d 163, 167 (2d Cir. 2005). Here, the district court did not abuse its discretion in finding that the affidavit submitted by Smith in connection with his motion to suppress was insufficiently definite to raise a contested issue of fact as to whether his arrest was lawful.

Second, Smith contends that the district court violated his Fifth and Sixth Amendment rights in adding an enhancement to his offense level under the U.S. Sentencing Guidelines on the basis of his possession of a dangerous weapon in connection with a drug offense. "In reviewing Guidelines calculations, we apply a *de novo* standard to legal conclusions . . . ." *United States v. Walker*, 595 F.3d 441, 443 (2d Cir. 2010). As Smith recognizes, this Court has held that district courts may consider acquitted conduct in imposing sentence, *see United States v. Vaughn*, 430 F.3d 518, 526–27 (2d Cir. 2005), and we are bound by that precedent. Moreover, defense counsel did not object at sentencing to the district court's authority to consider acquitted conduct, and even were we of the view that the district court was in error in considering acquitted conduct, such error was not "plain." *See United States v. McCrimon*, 788 F.3d 75, 78 (2d Cir. 2015) (per curiam).

We have considered all of Smith's arguments and find in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3