23-6461-cr
*United States v. Young*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.    CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand twenty-five.

Present:

> AMALYA L. KEARSE,
> ROBERT D. SACK,
> EUNICE C. LEE,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                                          No. 23-6461-cr

JAMES OLIVER YOUNG,

> *Defendant-Appellant.*

---

For Appellee:                                              KATHERINE A. GREGORY,
                                                                      Assistant United States
                                                                      Attorney, *for* Trini E. Ross,
                                                                      United States Attorney for
                                                                      the Western District of New
                                                                      York, Buffalo, NY.

For Defendant-Appellant: DEVIN MCLAUGHLIN,
Langrock Sperry & Wool,
LLP, Middlebury, VT.

Appeal from an April 28, 2023 judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant James Oliver Young appeals from the district court's judgment, entered on April 28, 2023, following a jury verdict convicting Young of two counts of sexual enticement of a minor, six counts of production of child pornography, one count of receipt of child pornography, and one count of conspiracy to produce child pornography in violation of 18 U.S.C. §§ 2422(b), 2251(a) and 2251(e), 2252A(a)(2)(A), and 2252A(b)(1), respectively. The district court sentenced Young to 444 months' imprisonment, to be followed by ten years of supervised release. Prior to the trial, the district court denied Young's request for an evidentiary hearing on his motion to suppress evidence seized from his electronic devices during the course of the New York State Police ("NYSP") criminal investigation. On appeal, Young argues that the district court's denial of his request for an evidentiary hearing was an abuse of discretion.

NYSP's criminal investigation of Young was triggered by a report Facebook sent to the National Center for Missing and Exploited Children ("NCMEC") indicating that a Facebook account named "Ollie Young," owned by James Young, had sent messages concerning child molestation as well as images of child pornography. A Facebook report reproduced conversations between Young and a Facebook account named "bwlwilsn," owned by Rebecca Wilson, regarding Young and Wilson's plans to engage in sexual activity with Wilson's minor

2

child. The Facebook report also included an image of an unidentified individual "under the age of 16 standing in a pink bath robe" and exposing her body in a lewd manner for the photographer.

Upon receipt of the Facebook report, NCMEC analyzed the associated IP addresses and sent CyberTipline reports to the NYSP. NCMEC's report summarily explained that Young and Wilson's Facebook accounts "discuss[ed] incidents where [Young] may have had sexual contact with the child victim" and that Wilson, "the mother of the child victim[,] is aware of the abuse of the child victim and may participate in the molestation." Appellant's App'x at 58. NYSP investigators reviewed the image, as reported by Facebook and NCMEC, and concluded that the pornographic image was consistent with a "sexual performance by a child," as defined by New York Penal Law Section 263.00. *Id.* at 37–44.

The NYSP investigators traced the IP address used by Young's Facebook account to his home address in Rochester, New York, and applied for a search warrant, stating in the search warrant application that there was reasonable cause to believe that evidence of state crimes would be found at Young's home address. A county court judge approved the warrant, and the NYSP executed the search of Young's home and seized over 20 electronic devices. During the execution of the search warrant, the child victim was removed from the home and interviewed off-site by a Monroe County Child Protection Services caseworker while a NYSP investigator observed. The child victim disclosed that there were numerous incidents of sexual contact between her and Young and her and Wilson. A sexual offense evidence collection kit was administered to the minor child that "showed physiological evidence consistent with vaginal sexual intercourse on a minor." Appellant's App'x at 55. The Federal Bureau of Investigation then filed a Criminal Complaint in federal court alleging that Young had enticed a minor in

3

violation of 18 U.S.C. §§ 2422(b), 2251(a).

Young filed a motion to suppress the fruits of the search warrant and requested an evidentiary hearing to determine whether NCMEC or law enforcement impermissibly expanded the scope of Facebook's third-party search of Young's accounts. Adopting the Report and Recommendation of the magistrate judge, the district court denied Young's motion to suppress and request for an evidentiary hearing because Young failed to meet the basic requirement of submitting an affidavit based upon personal knowledge and failed to create a dispute over any material facts. Additionally, the district court agreed with the magistrate judge that there was no question that the April 17 search warrant and the April 19 amendment to the search warrant were supported by probable cause. This timely appeal followed Young's trial and conviction.

*　　　　*　　　　*

We review a district court's denial of a request for an evidentiary hearing on a motion to suppress for abuse of discretion. *United States v. Lewis*, 62 F.4th 733, 741 (2d Cir. 2023). "The party moving to suppress bears the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *United States v. Guzman Loera*, 24 F.4th 144, 157 (2d Cir. 2022) (quoting *United States v. Osorio*, 949 F.2d 38, 40 (2d Cir. 1991)). "[A]n evidentiary hearing is required 'if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question.'" *United States v. Kirk Tang Yuk*, 885 F.3d 57, 77 (2d Cir. 2018) (quoting *In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 157, 165 (2d Cir. 2008)).

Young argues that the district court's denial of his request for an evidentiary hearing on his motion to suppress was an abuse of discretion because there were genuine issues of material fact warranting a hearing, namely, whether a Facebook employee viewed the photograph that was the subject of the CyberTipline Report. Young reasons that if a Facebook employee did not view the digital pornographic image transmitted to the NYSP before the NYSP opened and viewed the image, then the NYSP expanded Facebook's search, an action which, he argues, would not be protected by the private search doctrine. Appellant's Br. at 26 (citing *United States v. Wilson*, 13 F.4th 961, 972–74 (9th Cir. 2021)) (police viewing of an image which had only previously been identified as child pornography by its hash value not protected by private search doctrine); *United States v. Tennant*, No. 5:23-CR-79 (BKS), 2023 WL 6978405, at *14–16 (N.D.N.Y.) (Sannes, *C.J.*) (same)). Young also argues that it is procedurally unreasonable to require an affidavit based on personal knowledge from a defendant challenging the constitutionality of this type of search involving an Internet Service Provider, i.e., the action of either NCMEC or the NYSP in viewing an image following a CyberTipline Report. Young contends that he is "uniquely powerless" in raising this claim because he does not have access to information about NCMEC's processes or NYSP actions. Appellant's Br. at 27.

Upon review, we conclude that the district court did not abuse its discretion in denying Young's request for an evidentiary hearing. First, the magistrate judge's Report and Recommendation, which was adopted by the district court in denying Young's request for an evidentiary hearing, noted that "[Young] [wa]s required to raise a 'sufficiently definite, specific, detailed and nonconjectural' factual basis" for the challenge, App'x at 101 (quoting *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992) (other internal quotation marks omitted)), and that

5

"[Young's] papers fail[ed] to raise a contested material issue of fact." App'x at 101, 109. Young's attorney's affidavit "on information and belief," merely speculated in a conclusory manner that the government's search exceeded constitutionally permitted boundaries, and did not point to or claim knowledge of any fact that suggested a question as to such an impermissible expansion. *See id.* at 100. The inadequacy of this showing was sufficient to deny Young a hearing on the issue of how the pornographic image was obtained.[1]

Second, even independent of the image, there was probable cause for the issuance of the warrant where the warrant application included, among other things, the content of the chats between the minor and Young referencing behavior constituting child molestation and child pornography; Young's ownership of the Facebook account from which the pornographic image was obtained; and Young's IP address. *See United States v. Jones*, 43 F.4th 94, 109 (2d Cir. 2022) (explaining that probable cause is met where the totality of the circumstances indicates a fair probability that evidence of a crime will be found in a particular place). Furthermore, even assuming that the magistrate judge erred in issuing the search warrant, the officers who obtained

---

[1] As noted, Young also faults the district court's reliance on the absence of an affidavit with personal knowledge in denying his request for a hearing. While in traditional Fourth Amendment challenges, a defendant often provides a personal knowledge affidavit to show that he or she has a legitimate expectation of privacy, the case law does not easily transpose onto the atypical facts presented here. *See, e.g., United States v. Watson*, 404 F.3d 163 (2d Cir. 2005) (addressing a traditional Fourth Amendment challenge). Given that this is a cyber-search case, even if Young would have called NCMEC or the NYSP to inquire about their protocols and procedures, Young would not have been able to establish personal knowledge of how the search occurred. Thus, we are sympathetic to Young's argument that the requirement of a personal knowledge affidavit in this context may at times be procedurally unreasonable. Nevertheless, as discussed, because Young failed to provide a non-conclusory basis for why there is reason to question the search (i.e., whether anyone had viewed the image prior to it being transmitted to the NYSP), the district court did not abuse its discretion in denying his request for a hearing.

and executed the warrant relied upon the warrant in good faith. We have held that "[w]hen an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope, in most cases, there is no police illegality and thus nothing to deter. In such cases, penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." *United States v. Purcell*, 967 F.3d 159, 179 (2d Cir. 2020) (internal quotation marks and citation omitted) (alterations adopted). In this case, we see no errors by the officers or magistrate.

\*                    \*                    \*

Having considered all other arguments and finding them to be without merit, for the reasons set forth above, we **AFFIRM**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court